**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Orlando Machuca,** | ) | **CASE NO. 3:16 CV 2308** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Jason Bunting,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman (Doc. 15) recommending that this Court dismiss petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner has filed Objections to the Report and Recommendation. For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52

1

(1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

Petitioner was indicted in April 2014 by an Allen County Grant Jury on one count of burglary, one count of domestic violence, and one count of failure to comply. Petitioner went to trial in October of 2014 on the burglary and domestic violence charges.[1] The jury found Petitioner guilty of both counts, and he was sentenced to nine years and six months in prison.

Thereafter, Petitioner filed a timely notice of appeal with the Ohio Court of Appeals asserting three assignments of error: (1) he was denied his right to a speedy trial as a result of actions taken by trial counsel; (2) the trial court erred in admitting other acts evidence relating to prior domestic violence incidents; and (3) the trial court erred in not appointing substitute counsel to the defendant. The Ohio appeals court overruled the assignments of error and affirmed the judgment. Petitioner, *pro se*, then filed a timely notice of appeal with the Ohio Supreme Court raising the same three assignments of error. On May 18, 2016, the court declined to accept jurisdiction.

Petitioner, *pro se*, filed his federal petition for habeas relief on September 16, 2016. He raises three grounds for relief:

> Ground One: The trial court erred in denying defendant-appellant fast and speedy trial rights in violation of the Ohio [*sic*] and Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> Ground Two: The trial court denied defendant-appellant's right to a fair trial and due process of law by admitting evidence of prior bad acts which was improper under Evid. R. 404(B) and prejudicial under Evid. R. 403(B) in violation of petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution.

---

[1] The State dismissed the failure to comply count of the Indictment.

> Ground Three: Defendant-appellant's right to attorney-client privilege was violated requiring appointment of new counsel in violation of the Sixth Amendment to the United States Constitution.

Magistrate Judge Baughman determined that the petition was timely and that Petitioner had exhausted his claims in state court by presenting them through one full round of Ohio's established appellate review procedure.

Ground One

Magistrate Judge Baughman recommended denying Ground One to the extent Petitioner claimed a violation of federal constitutional law because the Ohio appellate court's decision was not an unreasonable application of clearly established federal law in *Barker v. Wingo*, 407 U.S. 514 (1972). Petitioner does not object to this recommendation, and the Court adopts this portion of the R&R for the reasons stated therein.

Magistrate Judge Baughman recommended dismissing Ground One to the extent that it involves questions of state law because such a claim is not cognizable. Petitioner objects to this portion of the R&R, arguing that the Ohio appellate court relied on an Ohio Supreme Court decision that was in turn based on a California Supreme Court decision that was overturned by a later panel of the California Supreme Court.

The Court agrees with Judge Baughman that Ground One must be dismissed to the extent that it raises a violation of state law because § 2254 does not provide redress for violations of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (internal quotations omitted).

Ground Two

3

In Ground Two, Petitioner argued that the trial court's admission of prior acts of domestic violence not charged in the indictment was prejudicial and unfairly confused the jury. Federal courts review state trial court decisions concerning the admission of evidence only for consistency with due process. *Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001). Only when an evidentiary ruling is so egregious that it results in a denial of fundamental fairness is it a denial of due process. *Id.* at 542. Magistrate Judge Baughman recommended denying this claim because the admission of the prior act evidence to show intent was in conformity with Ohio law and did not violate any fundamental principles of fairness. As such, the Ohio appellate court decision affirming the admission of the evidence was not an unreasonable application of clearly established federal law.

Petitioner does not address Magistrate Judge Baughman's reasoning in his objections. Instead, he objects to the R&R on the basis that he is actually innocent of burglary.[2] Petitioner argues that Ohio law precludes prosecution of one spouse for burglary committed in the residence of the other spouse. (*See* Doc. 17, at 2) (citing *State v. Middleton*, 85 Ohio App. 3d 403 (1992)). Petitioner's objection is not well-taken. To the extent that Petitioner is raising actual innocence as a freestanding claim independent of any underlying constitutional violation in the state court proceeding, the claim is not cognizable on habeas review. *Herrera v. Collins,* 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a

---

[2] As the Ohio appellate court explained, to prove that Petitioner was guilty of burglary, "the State was required to prove, beyond a reasonable doubt, that Appellant entered Hurley's home with the purpose to commit in the home a criminal offense; according to the State, Appellant entered Hurley's home with the purpose to commit domestic violence." Petitioner concedes that "prior bad acts by a defendant against the same victim are admissible in domestic violence cases...to prove the defendant's intent."

4

constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). In any event, Ohio law is clear that one spouse can be prosecuted for burglary committed in the residence of the other spouse. *State v. Lilly*, 87 Ohio St. 3d 97, 100 (1999) ("[A] spouse may be criminally liable for trespass and/or burglary in the dwelling of the other spouse who is exercising custody or control over that dwelling.").

For these reasons, and for the reasons stated in the R&R, Ground Two is denied.

Ground Three

In Ground Three, Petitioner claims that the trial court erred by not replacing Petitioner's second appointed attorney when a conflict arose over a motion to continue. Magistrate Judge Baughman recommended denying this portion of claim three on the basis that the appellate court properly applied clearly established federal law in holding that the trial court did not abuse its discretion in denying Petitioner's request to remove his second court-appointed attorney. Petitioner does not object to this recommendation, and the Court adopts this portion of the R&R for the reasons stated therein.

Petitioner also claims in Ground Three that his trial counsel was ineffective because he willfully failed to protect his right to a speedy trial and that counsel's decision to move forward with the motion for continuance over Petitioner's objection was unprofessional. Magistrate Judge Baughman recommended denying this portion of the claim because Petitioner failed to meet the *Strickland* test for ineffective assistance of counsel, which requires a petitioner to establish that counsel's performance was both seriously deficient and that he suffered prejudice as a result of the deficiency. *See Strickland v. Washington*, 466 U.S.

668 (1984). Specifically, he concluded that Petitioner "offered no basis by which to conclude that there would have been a different result in this case, particularly when counsel was faced with conducting a trial scheduled for just 11 days from his appointment." (R&R at 30). Petitioner objects to this portion of the R&R, essentially raising the same arguments that he raised in his petition and traverse. For the reasons stated in the R&R, the Court agrees that this portion of the claim fails because Petitioner has not established the prejudice prong of *Strickland*.

Petitioner also argues in his objections that trial counsel was ineffective because he did not move to dismiss the burglary charge on the basis that "nothing was taken or attempted to be taken and the State was precluded from charging [Petitioner] with burglary against his spouse in her residence." (Doc. 17, at 4). This objection is without merit. As noted above, in Ohio, a spouse can be prosecuted for burglary committed in the residence of the other spouse. In addition, one can commit burglary in violation of Ohio Revised Code § 2911.12(A)(1) without taking or attempting to take anything.[3] Thus, counsel's failure to move for dismissal on these grounds was neither deficient nor prejudicial.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge

---

[3] Section 2911.12(A)(1) provides that "[n]o person, by force, stealth, or deception, shall...trespass in an occupied structure...with purpose to commit in the structure...*any criminal offense*." Ohio Rev. Code § 2911.12(A)(1) (emphasis added).

Baughman recommending dismissal of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) is accepted. Magistrate Judge Baughman correctly determined that petitioner is not entitled to a writ of *habeas corpus*. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).[4]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/15/18

---

[4] Petitioner did not request an evidentiary hearing. Even if he had, a hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009).